**Petition Dismissed and Memorandum Opinion filed September 24, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-24-00566-CV

---

## MEMORIAL WOMEN'S CARE, PLLC, Appellant

### V.

## THE HANOVER CASUALTY COMPANY, Appellee

---

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2023-35423**

---

### MEMORANDUM OPINION

On August 2, 2024, the parties filed their "Joint Agreed Notice of and Petition for Interlocutory Appeal in a Civil Case," seeking permission to file an interlocutory appeal of the trial court's July 12, 2024, order denying both parties' motion for summary judgment and granting the parties permission to appeal.

On August 12, 2024, we advised the parties that we would consider a motion to extend time to file the petition for permissive appeal if one was timely filed. *See* Tex. R. App. P. 28.3(d).

On August 13, 2024, the parties filed a joint motion to extend time to file a petition for permissive appeal and their joint agreed petition for interlocutory appeal in a civil case. On August 20, 2024, we granted the parties' motion.

Additionally, we issued an order on August 20, 2024, notifying the parties that their joint agreed petition did not comply with Rules 28.3(e)(2)(B) and 28.3(e)(2)(C) of the Texas Rules of Appellate Procedure. The order further notified the parties that their petition would be dismissed unless the parties supplemented and/or amended their joint petition to address the issues identified on or before August 27, 2024.

In response to our order, on August 20, 2024, the parties filed a "Joint Statement That No Evidence was Adduced in Connection with the Trial Court's Order on the Parties' Cross-Motions for Summary Judgment." The parties maintained that "[t]he only evidence in connection with the trial court's Order was that attached to the parties' respective cross-motions for summary judgment, which evidence is already before the Court of Appeals as part of the Clerk's Record."[1]

Thereafter, on September 3, 2024, the parties filed an "Amended Joint Statement That No Evidence was Adduced in Connection with the Trial Court's Order on the Parties' Cross-Motions for Summary Judgment, and Supplement to the Parties' Joint Agreed Notice of and Petition for Interlocutory Appeal." In the amended statement, the parties state "that there is no Reporter's Record or transcript relevant to the trial court's July 12, 2024 Order denying the parties' cross-motions for summary judgment . . . ." They further contend that "the only

---

[1] On June 11, 2024, even though the order had not yet been signed and the parties had not filed any notices of appeal, this court received a letter of assignment from the trial-court clerk, which resulted in an appellate case number 14-24-00425-CV being filed. We dismissed the erroneously filed matter on August 29, 2024. We also denied the parties' request to consolidate appeals.

evidence in connection with the trial court's Order was that attached to the parties' respective cross-motions for summary judgment."

Although the parties' advised that no evidence was adduced and there are no transcripts, the parties' petition in this case still does not include any documents related to the denial of summary judgment. The only matter attached to the petition is the July 12, 2024 Agreed Order Denying Summary Judgment, Permitting Interlocutory Appeal, and Staying District Court Proceedings.

Because the parties' joint petition fails to comply with Rule 28.3(e)(2)(B), we dismiss their petition seeking permission to file an interlocutory appeal.[2]

PER CURIAM

Panel consists of Justices Spain, Poissant, and Wilson.

---

[2] We are dismissing the petition on procedural grounds. We express no opinion of the merits.